IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal Case No. 5:18-cr-00033-5 |
| v. | ) | |
| | ) | |
| JAVON EUGENE COOK, | ) | By: Elizabeth K. Dillon |
| Petitioner. | ) | United States District Judge |

### MEMORANDUM OPINION

Javon Eugene Cook, a federal inmate proceeding *pro se*, filed this motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. Having reviewed the record, the court concludes that Cook's motion is barred by the statute of limitations and Cook has not demonstrated any ground for equitable tolling. Therefore, the court will dismiss the motion as untimely filed.

### I.    BACKGROUND

In 2019, Cook pled guilty to three counts of the superseding indictment against him. (Dkt. No. 391–94.) On March 2, 2020, this court sentenced Cook to a total term of custody of 110 months, a five-year supervised release term, a special assessment of $300, and a fine of $150. Judgment was entered on March 9, 2020. (Dkt. No. 675.) Cook did not appeal.

On January 14, 2020, the Clerk received from Cook a *pro se* motion for extension of time to file a 28 U.S.C. § 2255 motion, which the court denied, noting it had no jurisdiction to consider a motion without Cook also filing his § 2255 motion. (Dkt. Nos. 752, 764.) On February 25, 2022, the Clerk received Cook's § 2255 motion, which was signed and placed in the prison mailing system on February 21, 2022. (*See* Mot. 10, Dkt. No. 775.) It is thus deemed filed as of the earlier date. *Houston v. Lack*, 487 U.S. 266, 276 (1988); Rule 3(d) of Rules Governing 28 U.S.C. § 2255 Proceedings.

Cook asserts that his motion is timely filed under 28 U.S.C. § 2255(f)(2) because he filed it within one year of the removal of a government-created impediment.  (Mot. 11.)  The impediment to which he refers is the sporadic lockdowns at facilities where he was incarcerated as a result of the COVID-19 pandemic.  He also refers to facts set forth in his earlier motion for extension of time to file his § 2255, including that he was in transit for a portion of the year after he was sentenced.  (*Id.*)  Specifically, he provides information showing that that after his March 2020 sentencing, he spent a little over nine months in temporary housing.  (*See* Inmate History Form, Dkt. No. 752-1, at 1.)  Specifically, he was in transit or temporary housing from the time he was sentenced until December 29, 2020.  (*Id.*)

The court entered an order noting that his § 2255 motion appeared to be untimely, but the court gave Cook the opportunity to provide any additional argument or information concerning its timeliness.  (Order, Dkt. No. 776.)  Cook filed an additional response with additional detail regarding why his § 2255 motion should be deemed timely.  (Dkt. No. 785.)  Again, he points to the impediment created by the government, including "COVID-19 quarantines and lock downs," and the fact that while he was in transit from BOP, "he was not afforded access to the law library."  (*Id.* at 1.)

## II.   DISCUSSION

A motion under 28 U.S.C. § 2255 must be brought within one year from the latest of the following: (1) the date on which the sentence under attack became final, (2) the removal of some improper governmental impediment to filing the motion, (3) the date on which the legal predicate for the motion was initially recognized by the United States Supreme Court, or (4) the date on which the factual predicate for the motion could have been discovered through the exercise of due diligence.  *See* 28 U.S.C. § 2255(f).  For purposes of the one-year limitations

period under § 2255(f)(1), the defendant's conviction becomes final when the last appeal is decided or the time to file such an appeal expires. *United States v. Johnson*, 203 F.3d 823, 2000 WL 37753, at *1 (4th Cir. 2000) (unpublished table decision); *cf. Clay v. United States*, 537 U.S. 522, 528 (2003) (holding that where a petition for certiorari is not filed after a court of appeals decision, the conviction is final when the time for filing the petition expires). As noted, judgment was entered against Cook on March 9, 2020. Pursuant to Federal Rule of Appellate Procedure 4(b)(1)(A)(i), Cook had until March 23, 2020, to file his notice of appeal. Because he did not appeal, his conviction and sentence became final on March 23, 2020, and he had until March 23, 2021, to file a timely § 2255 motion. Cook did not file his motion for extension of time until January 2022, and he did not file his § 2255 motion until February 2022, almost a year past the deadline as calculated under § 2255(f)(1).

Cook contends, though, that his motion should be deemed timely under § 2255(f)(2), which allows filing within one year of "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action." As noted, Cook contends that the lockdowns and his time in transit (for approximately nine months after he was sentenced) constituted an "impediment" within the meaning of that subsection.

Courts have noted that the failure to provide access to legal materials generally does not constitute an "impediment" within the meaning of § 2255(f)(2). For example, in *Laposay v. United States*, No. 1:12-CR-146, 2016 WL 2946175 (E.D. Va. May 19, 2016), the court explained:

> To toll the statute of limitations, the complained of "impediment" must be "in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(f)(2). The Court thus must determine whether the circumstances of [the movant's] incarceration was in

3

> violation of the Constitution. Courts have concluded that
> incarceration at multiple jails with no law library or library clerk is
> not "violative of [a § 2255 petitioner's] constitutional rights in any
> way." *United States v. Wampler*, 2008 WL 565108 (W.D. Va.
> Feb. 29, 2008) (citing *Lewis v. Casey,* 518 U.S. 343 (1996)
> (finding that constitution does not require certain type of legal
> assistance or legal access for inmates and that to prove
> constitutional violation, inmate must show lack of access
> significantly hampered his ability to litigate viable legal claim)).
> . . . Finding that the lack of access to a law library or law clerk did
> not violate Wampler's constitutional rights, the [*Wampler*] court
> declined to toll the statute of limitations and found Wampler's
> § 2255 motion untimely.

*Laposay*, 2016 WL 2946175, at *2 (also declining to apply subsection (f)(2)).

That reasoning applies here, too.  In short, neither Cook's time at holding facilities nor COVID-19 related lockdowns are impediments "in violation of" federal law.  Nor has he shown that he attempted to obtain access to legal materials, seek legal assistance, or start preparing his § 2255 motion in the year following his sentencing and that he was unable to do so.  Thus, § 2255(f)(2) does not render Cook's motion timely.

Consistent with the court's conclusion, courts that have considered similar arguments have largely rejected them.  *See, e.g.*, *United States v. Sumter*, No. 3:02-CR-00499-CMC, 2021 WL 3173176, at *5 (D.S.C. July 27, 2021) (concluding that § 2255 petitioner could not point to COVID-19 related lockdowns and then rely on §2255(f)(2) because there was no "evidence to suggest [that] governmental action in violation of the Constitution or laws of the United States prevented him from filing" his § 2255 motion).

Nor does equitable tolling apply here.  Cook argues that the court should toll the statute of limitations because his prisons were often on lockdown due to COVID-19 and limited his ability to access the law library and legal materials.  However, Cook's circumstances are not so extraordinary to warrant equitable tolling.

4

A district court may apply equitable tolling only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Whiteside v. United States*, 755 F.3d 180, 184 (4th Cir. 2014) (*en banc*) (citations omitted).  A petitioner seeking equitable tolling must demonstrate that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance beyond his control stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted).  The petitioner "bears a strong burden to show specific facts" which demonstrate that he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Generally, "'solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances'" warranting equitable tolling. *Allen v. Johnson*, 602 F. Supp. 2d 724, 727–28 (E.D. Va. 2009) (footnote omitted) (quoting *Warren v. Kelly*, 207 F. Supp. 2d 6, 10 (E.D.N.Y. 2002)).  As one court has noted,

> [a] petitioner cannot meet his burden of establishing that a court should apply the doctrine of equitable tolling simply by making a passing reference to the pandemic or the resulting lockdown. Instead, a petitioner must show: (1) he has been diligently working to file a § 2255 motion on time, and (2) how COVID-19 specifically prevented him from filing this motion on time. *See, e.g.*, *Willard v. Indus. Air, Inc.*, Civ. No. TDS-20-0823, 2021 WL 309116, at *4 (M.D.N.C. Jan. 29, 2021) ("[C]ourts that have considered the issue have not found that the COVID-19 pandemic justifies equitable tolling absent a corresponding showing that the pandemic prevented the plaintiff from timely filing suit."); *Stanley v. Saul*, Civ. No. SRB-20-0499, 2020 WL 6140552, at *4 (W.D. Mo. Oct. 19, 2020) (refusing to equitably toll a filing deadline when "Plaintiff . . . does not specifically explain how COVID-19 shutdowns or related issues prevented her from [filing].").

5

*United States v. Aigbekaen*, Crim. No. JKB-15-0462, 2021 WL 1816967, at *1 (D. Md. May 6, 2021); *see also United States v. Callaham*, No. 1:08CR00052-001, 2021 WL 2284606, at *2 (W.D. Va. June 4, 2021) ("Courts have held that 'the COVID-19 pandemic does not automatically warrant equitable tolling for any movant who seeks it on that basis. The movant must establish that he was pursuing his rights diligently.'") (citations omitted).

As noted above, Cook was in transit for a large portion of the year that he had to prepare his motion.  But from December 29, 2020, through at least January 6, 2022, he was no longer in transit.  Thus, even if he had no access to any legal materials the first nine months after his conviction became final, he had from December 29, 2020, through his deadline for filing—March 2021.  Notably—and just like the petitioner in *Aigbekaen*—Cook "does not allege that he diligently worked to file a § 2255 motion on time."  *See* 2021 WL 1816967, at *1.  And as in *Callaham*, the fact that Cook first sought a motion for extension almost a year *after* his deadline expired, shows that he was not diligently working on a motion or attempting to work on a motion in the year he had to file it.  *See Callaham*, 2021 WL 2284606, at *2.

Nor has Cook alleged with any specificity that the shutdowns *actually* impeded him in filing his claim.  *Howard v. Stephan*, No. 1:21-CV-3356-RMG, 2022 WL 122963, at *3 (D.S.C. Jan. 13, 2022) ("At bottom, and as many courts have held before, Petitioner's conclusory assertions that "lockdowns" and "transfers" impeded his ability pursue this case do not suffice to establish equitable tolling.") (citations omitted); *See Willard*, 2021 WL 309116, at *4–*5 (holding that, when an inmate cites "the 'chaos created by the pandemic' to support his argument for equitable tolling," and even "suggests—but does not assert—that due to the pandemic he was unable to obtain a lawyer and was impeded in filing his claim due to lack of internet access," the

inmate "fail[s] to demonstrate that he exercised due diligence in pursuing his rights" and does not qualify for equitable tolling of the § 2255 motion) (internal citation omitted).

Additionally, as the Fourth Circuit has explained, "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Cook's ignorance about the law, therefore, even if the result of limited access to legal materials, does not entitle him to equitable tolling. *Laposay*, 2016 WL 2946175, at *2 (denying equitable tolling where the prisoner raised the same argument as Cook).

III.  CONCLUSION

For all of the above reasons, the court concludes that Cook has not demonstrated that § 2255(f)(2) is applicable to him, nor has he shown that he is entitled to equitable tolling of the statute of limitations. For these reasons, the court will dismiss Cook's § 2255 motion as untimely filed.

An appropriate order will be entered.

Entered: May 31, 2022.


*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge

7